815 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BUCKHORN, INC., Plaintiff-Appellant,
v.
ROPAK CORPORATION, Ropak Holdings Corporation, William H.
Roper, Nagelvoort & Company, Inc., Defendants-Appellees.
 No. 87-3127.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1987.
 
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case is before us on Buckhorn, Inc.'s appeal from permanent and preliminary injunctions entered on February 11, 1987, and on Buckhorn's motion for stay pending appeal. The injunctions issued by the district court are affirmed. Because we affirm the injunctions, the motion for stay is rendered moot.
 
 
 2
 In determining whether a preliminary injunction should be granted, a court should consider and balance four factors: (1) the likelihood that the party seeking the injunction will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed absent the injunction; (3) the prospect that others will be harmed if the court grants the injunction; and (4) the public interest in granting the injunction. State of Ohio v. NRC, et al., No. 86-4019, slip op. at 2 (6th Cir. February 24, 1987); Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261 (6th Cir.1985); In re DeLorean Motor Company, 755 F.2d 1223 (6th Cir.1985); Mason County Medical Ass'n v. Knebel, 563 F.2d 256 (6th Cir.1977). In determining whether a permanent injunction should be granted, a court should consider whether the party seeking the injunction has proved: (1) that it has prevailed on the merits; (2) that it will suffer continuing irreparable injury unless an injunction is issued; and (3) that it has no adequate remedy at law. Newman v. State of Alabama, 683 F.2d 1312, 1319 (11th Cir.1982), cert. denied, 460 U.S. 1083 (1983). See also Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959); Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc., 747 F.2d 844, 850 (3d Cir.1984), cert. denied, 471 U.S. 1137 (1985).
 
 
 3
 Upon consideration of the record and oral argument it is the opinion of the Court that the district court's factual findings are not clearly erroneous and that the district court has correctly applied the relevant legal standards. The district court correctly found that Ropak had prevailed on the merits with regard to those matters on which Ropak had moved for a permanent injunction, and the district court correctly found that Ropak had shown a substantial likelihood of success as to those matters covered by the preliminary injunction. Further, Ropak has made the requisite showing of irreparable injury and inadequacy of legal remedies. We agree with the district court that Buckhorn would not be substantially harmed if enjoined from carrying out its defensive measures. Finally, the interests of the shareholders and the public interest will be advanced by maintaining the injunctions.
 
 
 4
 The judgment of the district court is affirmed. It is further ordered that the mandate shall issue forthwith.